**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| AZURE NETWORKS, LLC, ) ) Plaintiff, ) ) v. ) ) BROADCOM CORPORATION, ) ) Defendants. ) ) ) | **Civil Action No. 6:15-CV-33-RWS** **ORAL ARGUMENT REQUESTED** |

**REPLY IN SUPPORT OF DEFENDANT BROADCOM CORPORATION'S
MOTION TO DISMISS PLAINTIFF AZURE NETWORKS, LLC'S
<u>FIRST AMENDED COMPLAINT</u>**

## I. INTRODUCTION

Azure's First Amended Complaint should be dismissed in its entirety: (1) Azure's patents are directed to patent ineligible subject matter, and that issue is ripe for resolution here; and (2) Azure's claims of induced and willful infringement are fatally defective.

## II. ARGUMENT

### A. The First Amended Complaint Fails to State a Claim upon Which Relief Can Be Granted Because the Asserted Claims are Not Patent Eligible.

#### 1. Patent ineligibility is properly resolved on a motion to dismiss.

District courts throughout the country have granted numerous motions to dismiss and motions for judgment on the pleadings based on unpatentability under 35 U.S.C. § 101—Judge Gilstrap granted such a motion just a few weeks ago,[1] and at least 22 similar motions have been granted in 2014 and 2015 alone,[2] including many that were granted prior to any formal order on

---

[1] *See Clear With Computers, LLC v. Altec Indus., Inc.*, No. 6:14-cv-79, 2015 WL 993392, at *6 (E.D. Tex. March 3, 2015).

[2] *See OpenTV, Inc. v. Apple, Inc.*, No. 14-cv-01662, 2015 WL 1535328 (N.D. Cal. April 6, 2015) (motion to dismiss pre-claim construction); *Carfax, Inc. v. Red Mountain Techs.*, No. 1:14-cv-01590, Dkt. No. 88 (E.D. Va. March 30, 2015) (motion to dismiss pre-claim construction); *Advanced Auctions LLC v. eBay Inc.*, No. 13CV1612, 2015 WL 1415265 (S.D. Cal. March 27, 2015) (motion for judgment on the pleadings pre-claim construction); *Tuxis Techs., LLC v. Amazon.com, Inc.*, No. 13-1771, 2015 WL 1387815 (D. Del. March 25, 2015) (motion to dismiss pre-claim construction); *Priceplay.com, Inc. v. AOL Adver., Inc.*, No. 14-92, 2015 WL 1246781 (D. Del. March 18, 2015) (motion to dismiss pre-claim construction); *Essociate, Inc. v. Clickbooth.com, LLC*, No. SACV 13-01886, 2015 WL 1428919 (C.D. Cal. Feb. 11, 2015) (motion for judgment on the pleadings pre-claim construction); *In re TLI Comms. LLC Patent Litig.*, ___ F. Supp. 3d ___, No. 1:14md2534, 2015 WL 627858 (E.D. Va. Feb. 6, 2015) (motion to dismiss pre-claim construction); *Vehicle Intelligence & Safety LLC v. Mercedes-Benz USA, LLC*, ___ F. Supp. 3d ___, No. 13C4417, 2015 WL 394273 (N.D. Ill. Jan. 29, 2015) (motion for judgment on the pleadings); *Money Suite Co. v. 21st Century Ins. & Fin. Servs., Inc.*, No. 13-984, 2015 WL 436160 (D. Del. Jan. 27, 2015) (motion to dismiss pre-claim construction); *CertusView Techs., LLC v. S & N Locating Servs., LLC*, No. 2:13cv346, 2015 WL 269427 (E.D. Va. Jan. 21, 2015) (motion for judgment on the pleadings); *Open Text S.A. v. Box, Inc. et al*, ___ F. Supp. 3d ___, No 3-13-cv-04910, 2015 WL 269036 (N.D. Cal. Jan. 20, 2015) (motion for judgment on the pleadings); *Morales v. Square, Inc.*, ___ F. Supp. 3d ___, No. 5:13-cv-1092, 2014 WL 7396568 (W.D. Tex. Dec. 30, 2014) (motion to dismiss pre-claim construction); *Morsa v. Facebook, Inc.*, ___ F. Supp. 3d ___, No. 8:14-cv-161, 2014 WL

claim construction—and the Federal Circuit has repeatedly affirmed the propriety of such decisions.[3] Azure's assertion to the contrary, *see* Azure's Response to Broadcom's Motion to Dismiss ("Response"), Dkt. No. 28, at 5, is simply incorrect.

Azure further attempts to avoid the merits by asserting that "factual issues . . . underpin" Broadcom's motion. Response at 9. But Azure identifies *no* such "factual issues."[4] *See Morales*, 2014 WL 7396568, at *4 (granting motion to dismiss based on § 101 when plaintiff did

---

7641155 (C.D. Cal. Dec. 23, 2014) (motion for judgment on the pleadings pre-claim construction); *Genetic Techs. Ltd. v. Bristol-Myers Squibb Co.*, ___ F. Supp. 3d ___, No. 1:12-cv-394, 2014 WL 5507637 (D. Del. Oct. 30, 2014) (motion to dismiss pre-claim construction); *Wolf v. Capstone Photography, Inc.*, No. 2:13-CV-09573, 2014 WL 7639820 (C.D. Cal. Oct. 28, 2014) (motion for judgment on the pleadings pre-claim construction); *Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*, ___ F. Supp. 3d ___, No. 1:10cv910, 2014 WL 5430956 (E.D. Va. Oct. 24, 2014) (motion for judgment on the pleadings); *Cogent Med., Inc. v. Elsevier Inc.*, ___ F. Supp. 3d ___, No. C-13-4479, 2014 WL 4966326 (N.D. Cal. Sept. 30, 2014) (motion to dismiss pre-claim construction); *McRo, Inc. v. Namco Bandai Games Am., Inc.*, No. CV 12-10327, 2014 WL 4749601 (C.D. Cal. Sept. 22, 2014) (motion for judgment on the pleadings); *Open Text S.A. v. Alfresco Software Ltd.*, No. 13-cv-04843, 2014 WL 4684429 (N.D. Cal. Sept. 19, 2014) (motion to dismiss pre-claim construction); *Eclipse IP LLC v. McKinley Equip. Corp.*, No. SACV 14-742, 2014 WL 4407592 (C.D. Cal. Sept. 4, 2014) (motion to dismiss pre-claim construction); *Tuxis Techs., LLC v. Amazon.com, Inc.*, No. 13-1771, 2014 WL 4382446 (D. Del. Sept. 3, 2014) (motion to dismiss pre-claim construction); *Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.*, ___ F. Supp. 3d ___, No 2:13-CV-655, 2014 WL 4364848 (E.D. Tex. Sept. 3, 2014) (motion for judgment on the pleadings).

[3] *See DietGoal Innovations LLC v. Bravo Media LLC*, ___ Fed. App'x ___, No. 14-1631, 2015 WL 1542817, at *1 (Fed. Cir. Apr. 8, 2015) (nonprecedential) (affirming grant of summary judgment prior to claim construction*), aff'g* 33 F. Supp. 3d 271 (S.D.N.Y. 2014); *Content Extraction & Transmission LLC v. Wells Fargo Bank, N.A.*, 776 F.3d 1343, 1344, 1349 (Fed. Cir. 2014); *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 717 (Fed. Cir. 2014); *buySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350, 1351 (Fed. Cir. 2014).

[4] Azure cites to *Ultramercial, Inc. v. Hulu, LLC*, 722 F.3d 1335, 1340 (Fed. Cir. 2013), for the proposition that whether claims cover conventional activity is a factual determination. Response at 5. But that decision was vacated by the Supreme Court, *WildTangent, Inc. v. Ultramerical, LLC*, 134 S. Ct. 2870 (2014), and on remand the Federal Circuit panel affirmed the district court's grant of the motion to dismiss, finding that the "claims simply instruct the practitioner to implement the abstract idea with routine, conventional activity." *Ultramercial*, 772 F.3d at 715-716. Judge Bryson, sitting by designation, has recognized that the vacated 2013 *Ultramercial* decision no longer has any precedential effect. *See Loyalty Conversion Sys.*, 2014 WL 4364848, at *10 n.5.

not "identify any disputed issue of fact or claim construction that requires resolution" to determine patent eligibility). Nor has Azure actually identified any claim construction disputes that would change the subject matter patentability analysis. In fact, Azure ignores that two of the terms it suggests "likely need to be construed," Response at 9, have, in fact, already been construed in the related case between the parties.[5] Azure makes no effort to explain why the constructions of "MAC address" or "virtual entities" in the -139 case provide anything other than generic, known usage. Rather, Azure has repeatedly argued that the claim term "MAC address" does **not** reflect any inventive implementation but instead uses a well-known term in the broadest possible way. Ex. A, Brief for Plaintiffs-Appellants, *Azure Networks, LLC v. CSR plc*, No. 13-1459 (Fed. Cir.), Dkt. No. 41, at 46 (arguing that the inventor "was simply using the definition of MAC address that was employed by people in his field").

### 2. The asserted claims are not patent eligible.

Broadcom's motion addresses the claims that Azure itself selected as exemplary, and even addresses an exemplary claim for the '347 patent, which Azure failed to provide in its First Amended Complaint. Azure contends that the Court should deny the motion to dismiss because Azure has not yet disclosed asserted claims, Response at 9, but if that were correct any plaintiff could defeat a motion to dismiss simply by refusing to identify at the outset which claims it is asserting. *See Morsa*, 2014 WL 7641155, at *5 (declining argument that judgment on the pleadings was improper because the plaintiff planned to assert additional claims at a later stage).

Similarly, it is entirely proper for the Court to analyze representative claims where, as here, the other claims are directed to the same abstract idea. *See Bilski v. Kappos*, 561 U.S. 593, 611-612 (2010) (determining that eleven claims were invalid after providing detailed analysis of

---

[5] *See generally* Claim Construction Order, No. 6:11-cv-00139 (the "-139 case"), Dkt. No. 266; Supplemental Claim Construction Order, -139 case, Dkt. No. 306.

only two claims); *Content Extraction*, 776 F.3d at 1348 ("The district court, however, correctly determined that addressing each claim of the asserted patents was unnecessary."); *Ultramercial*, 772 F.3d at 711-712 (on remand, affirming motion to dismiss after analyzing only one claim in detail). Indeed, a district court recently granted a motion to dismiss that invalidated **887** claims, using one representative claim to make its determination. *See generally Money Suite*, 2015 WL 436160. The representative claims here are linked to the same abstract idea of exchanging messages to establish communication, and Azure has not identified or defended the subject matter patentability of any claim that was not specifically addressed in Broadcom's motion.[6]

### a) The representative claims are directed to an abstract idea.

The representative claims are directed to the abstract idea of exchanging messages to establish communication. *See* Motion at 18-19. As Azure acknowledges, for example, claim 27 of the '129 patent—like the other independent claims of the '129 patent—describes a conventional device with a conventional "transceiver" that exchanges messages. Response at 11-12. Azure makes much of the fact that the claims of the asserted patents use varying terminology,[7] but a court determining whether claims recite an abstract idea should look to the general idea embodied in the claims, rather than "the sort of limitation that is characteristic of the claim's implementation." *Box, Inc.*, 2015 WL 269036, at *3 (citing *buySAFE*, 765 F.3d at 1354-1355). Whether the claims are directed to *novel* technology is a question for the second step of

---

[6] Azure complains that Broadcom has not addressed all 673 claims of the 11 asserted patents. Response at 7. It is highly improbable that Azure has a good faith basis for believing that Broadcom infringes every one of those 673 claims, including 376 claims of the '129 patent that Azure did not even attempt to assert in relation to Wi-Fi Direct when it sought to amend its infringement contentions in the -139 case. *See* Azure's Opposed Motion to Amend/Correct P.R. 3-1 Disclosure of Asserted Claims and Infringement Contentions, -139 case, Dkt. No. 235, at 9-10.

[7] Azure contends that Broadcom "essentially argues that a computer network is by definition an abstract idea." *See* Response at 12 (citing nothing). Nowhere in Broadcom's motion is there support for this assertion.

*Alice*, not the first. *See Ultramercial*, 772 F.3d at 715. When the representative claims here are distilled to their fundamental purpose, they amount to generic devices sending messages back and forth until communication is established.

### b) The asserted claims do not supply an inventive concept.

The asserted claims of the patents-in-suit implement the abstract idea of exchanging messages to establish communication, and they do so using only generic technology. Azure contends that certain claim limitations supply inventive concepts, but it merely points to limitations describing implementation of that idea using generic computing technology. The "prohibition against patenting abstract ideas cannot be circumvented by attempting to limit the use of [the idea] to a particular technological environment." *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2358 (2014) (quoting *Bilski*, 561 U.S. at 610-611). Thus, following *Alice*'s guidance that "the mere recitation of a generic computer cannot transform a patent-ineligible abstract idea into a patent-eligible invention," *id.*, numerous courts have invalidated patents that—like the ones asserted here—use generic technology to implement an abstract idea. *See, e.g.*, *Ultramercial*, 772 F.3d at 715-716; *Clear With Computers*, 2015 WL 993392, at *4; *Morsa*, 2014 WL 7641155, at *8-9; *Eclipse*, 2014 WL 4407592, at *11.

The claim terms that Azure relies on to supply inventive concepts are simply implementations of an abstract idea using generic technology. For example, as Azure points out, claim 27 of the '129 patent recites a device with "circuitry" and a "transceiver" that sends messages back and forth. Response at 11-12. Each of these elements is generic and uninventive. *See Alice*, 134 S. Ct. at 2360 ("[n]early every computer will include . . . transmission functions"); *Content Extraction*, 776 F.3d at 1348; *Morales*, 2014 WL 7396568, at *8 (hardware that included a "response unit," a "local area repeater," and a "data center" were generic and did not supply an inventive concept); *Cloud Satchel, LLC v. Amazon.com, Inc.*, Civ. No. 13-941, 2014

- 5 -

WL 7227942, at *8 (D. Del. Dec. 18, 2014) ("recitation of specific hardware elements," such as a "transceiver," is generic and not inventive (citing *Alice*, 134 S. Ct. at 2360)). Similarly, claim 31 of the '361 patent (like the specification common to all of the asserted patents) provides no detail regarding the design or implementation of "virtual devices." Aside from mischaracterizing the file history of that patent,[8] Azure has made no attempt to explain how the specific limitations it identifies are novel or how their functions amount to more than components exchanging messages. *buySAFE, Inc.*, 765 F.3d at 1355 (computer components exchanging messages over a network is not even "arguably inventive"); *Money Suite*, 2015 WL 436160, at *4 (dependent claims not inventive because although they "ostensibly narrow the scope of the claims by adding elements," plaintiff did "not contend that it 'invented' any of these limitations").[9]

Azure argues that certain terms in certain dependent claims "ha[ve] specific meaning in the computer arts," Response at 12, but those limitations "add nothing of practical significance" to the underlying abstract idea. *Ultramercial*, 772 F.3d at 716. Moreover, Azure's apparent contention that *Alice* applies only to business methods, Response at 15, is contrary to numerous post-*Alice* decisions. *See, e.g.*, *Joao Bock Transaction Sys., LLC v. Jack Henry & Assocs., Inc.*, ___ F. Supp. 3d ___, No. 12-1138, 2014 WL 7149400, at *8 (D. Del. Dec. 15, 2014) ("The fact that the asserted claims are apparatus claims, not method claims, does not change the court's [§ 101] analysis").

---

[8] Contrary to Azure's representation in its opposition, there is no indication in the file history of the '361 patent that the examiner cited "virtual devices" as "critical differences over the subject matter of claim 27 of the '129 patent" as a reason for allowability, let alone the "primary reason." Rather, Azure inserted those limitations to distinguish other unrelated prior art, a position that the examiner appears to have credited without analysis. *See* Ex. B, Amendments to the Claims (Jan. 23, 2014); Ex. C, Final Rejection (Feb. 18, 2014).

[9] Although the claims in *Money Suite* had been construed in a prior litigation, the court did not rely on that claim construction in finding the patent invalid. 2015 WL 436160, at *3.

Finally, Azure's complaint that Broadcom did not address the machine-or-transformation test—which looks to whether a process "is tied to a particular machine or apparatus" or "transforms a particular article into a different state or thing," *Bilski*, 561 U.S. at 602 (quotations and citation omitted)—fails for the simple reason that all of the representative claims are directed to ***devices***. *See id.* at 604 (machine-or-transformation test relates to claimed ***processes***). Regardless, application of the machine-or-transformation test does not change the result here because the representative claims "recite[] only generic computer components configured to perform otherwise conventional steps," *Clear With Computers*, 2015 WL 993392, at *5, and do not transform any particular article "into a different state or thing." *Bilski*, 561 U.S. at 603; *see also Ultramercial*, 772 F.3d at 716 (claims "not tied to any particular novel machine or apparatus, only a general purpose computer" are unpatentable); *id.* at 717 ("the transfer of content between computers is merely what computers do"); *Joao Bock,* 2014 WL 7149400, at *7 n.7 (rejecting that apparatus claims tied to purportedly "special purpose computers" satisfy the first prong of the machine-or-transformation test).

The patents-in-suit are uniformly directed to the abstract idea of exchanging messages to establish communication, and the abstract idea is implemented using only generic technology. The patents-in-suit do not claim patent-eligible subject matter and are invalid under § 101.

### B. Azure's Allegations of Inducement and Willful Infringement Fail to State a Claim Upon Which Relief Can Be Granted.

Azure's conclusory allegations of induced and willful infringement lack any specific facts, and Azure has inadequately alleged pre-suit knowledge for the continuation patents. Azure's inducement and willfulness claims should be dismissed, for two independent reasons.

***First***, Azure's First Amended Complaint lacks any specific, non-conclusory facts to support inducement or willfulness, making those claims deficient. Motion at 24-28; s*ee U.S.*

*Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, No. 6:12cv366, 2013 WL 8482270, at *3-5 (E.D. Tex. March 6, 2013) (adopting magistrate judge's report and recommendation that allegations that the defendant "'supplies' infringing systems and components and provides 'instructions' to its customers who allegedly infringe do not create a reasonable inference of inducement," and allegations that defendant had knowledge and continued to infringe are insufficient to sustain a claim of willfulness); *see also Norman IP Holdings, LLC v. Chrysler Group, LLC*, No. 6:13-cv-278, Dkt. No. 216, at 6 (E.D. Tex. March 5, 2014), *report and recommendation adopted by*, Dkt. No. 226 (dismissing conclusory inducement claims).

Broadcom has not asserted that Azure must have "direct evidence of a direct infringer," or "detailed factual support for each and every element of inducement," Response at 21-22, but that a complaint must allege non-conclusory facts in order to state claims for inducement and willful infringement. Azure's allegations that Broadcom instructs its customers and sells infringing products, however, do not amount to specific allegations of intent.[10] Conduct that is merely *consistent* with a claim is not enough to raise a "plausible" inference of liability. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

***Second***, even if Azure successfully alleged "culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities," *DSU*, 471 F.3d at 1306, Azure's pre-suit inducement and willfulness claims as to the continuation patents (i.e. the ten patents-in-suit other than the '129 patent) must be dismissed.

---

[10] Azure's reliance on *DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006), for the proposition that advertising and instruction of infringing uses sufficiently allege inducement, Response at 19, is misplaced. In fact, the *DSU* court held the opposite: "merely knowingly induc[ing] the *acts* that constitute direct infringement" is insufficient; rather, the "'alleged infringer must be shown . . . to have *knowingly* induced infringement.'" *DSU*, 471 F.3d at 1306 (quoting *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990)). Azure alleges no facts suggesting such knowledge.

Azure has failed to adequately allege that Broadcom knew of the continuation patents or that its customers' acts constituted infringement, defeating its inducement claims at least as to those patents. "Paramount to an induced infringement claim is some showing that a defendant has 'knowledge that the induced acts constitute patent infringement.'" *Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*, No. 6:13-cv-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014) (citation omitted). Azure has made no such showing with respect to the continuation patents. In support of the adequacy of its inducement claims, Azure relies heavily on *ZiiLabs Inc. v. Samsung Electronics Co. Ltd.*, No. 2:14-cv-203, Dkt. No. 147, at 5 (E.D. Tex. Feb. 26, 2015). But unlike in *ZiiLabs*, where the court found that the defendants had knowledge specifically because the parties had communicated regarding the patents-in-suit, Azure's First Amended Complaint does not allege facts showing that Broadcom had any such communications or otherwise knew of its customers' alleged infringement. *Id.* at 5-6.

Rather, Azure alleges that Broadcom knew of the continuation patents prior to the filing of the Complaint because of a prior suit against Broadcom alleging infringement of the '129 patent. As demonstrated in Broadcom's Motion, awareness of a patent family does not provide the basis for an inducement claim. *See Affinity Labs*, 2014 WL 2892285, at *6 (finding that "the defendant's awareness of a plaintiff['s] patent portfolio is not enough to support a willful blindness claim to defeat a motion to dismiss"); *Vasudevan Software, Inc. v. TIBCO Software Inc.*, 2012 WL 1831543, at *3 & n.3 (N.D. Cal. May 18, 2012) ("requisite knowledge of the patent allegedly infringed simply cannot be inferred from mere knowledge of *other* patents, even if somewhat similar" including other patents that shared a common specification).

Azure also alleges that Broadcom knew of the continuation patents because of Azure's motion to amend its infringement contentions in the prior -139 case and that Broadcom "cannot

avoid liability because of its actual knowledge of the patents-in-suit." Response at 24. That assertion is meritless—the continuation patents had not even issued when Azure moved to amend its infringement contentions, so Broadcom could not possibly have had knowledge of them on that basis. Azure has not, and cannot, provide any other support for its claims that Broadcom had pre-suit knowledge of the continuation patents. To the contrary, Azure's silence since 2012 as to whether Broadcom's accused products infringe "create[s] a reasonable inference [to the defendant] that [the plaintiff] considered defendant's product to be non-infringing." *Philips Elecs. N. Am. Corp v. Contec Corp.*, 312 F. Supp. 2d 639, 641-642 (D. Del. 2004).[11] Azure's failure to notify Broadcom of its allegedly infringing products precludes a claim for pre-suit inducement as to the continuation patents. The same principles apply to Azure's pre-suit willfulness claims. Azure's lack of plausible allegations of pre-suit knowledge are fatal because Azure does not—and cannot—plausibly allege that Broadcom acted despite an objectively high likelihood of infringement. *U.S. Ethernet*, 2013 WL 8482270, at *5.

## III. CONCLUSION

Broadcom respectfully requests that the Court dismiss Azure's First Amended Complaint in its entirety and with prejudice.

## IV. REQUEST FOR ORAL ARGUMENT

Broadcom requests oral argument on its Motion to Dismiss Plaintiff Azure Networks, LLC's First Amended Complaint.

---

[11] Azure distinguishes *Philips* based on a reference to the patent holder's "cooperative behavior." Response at 27 n.15 (citing 312 F. Supp. 2d at 642). But the "cooperative behavior" referred to in *Philips* related to a product that the defendant had not yet brought to market. 312 F. Supp. 2d at 642. Here, Azure has unquestionably been aware of several of Broadcom's accused products, having accused them in the -139 case. Motion at 29 n.14. In addition, Azure's cryptic reference to "infringement allegations involving Wi-Fi technology standing alone in related litigation" amounts to nothing—Azure has not even identified that "related litigation," giving Broadcom no opportunity to respond.

Dated: April 13, 2015                         Respectfully submitted,

/s/ *Michael E. Jones*
Michael E. Jones
State Bar No. 10929400
Potter Minton, P.C.
110 College Ave., Suite 500
Tyler, TX 75702
Tel: (903) 597-8311
Fax: (903) 597-0846
mikejones@potterminton.com

Dominic E. Massa (*pro hac vice*)
Monica Grewal (*pro hac vice*
Louis W. Tompros (*pro hac vice*)
Jason H. Liss (*pro hac vice*)
Dana O. Burwell (*pro hac vice*)
Jennifer Brown (*pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
Tel.:  (617) 526-6000
Fax.:  (617) 526-5000

*Attorneys for Broadcom Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2015 a true and correct copy of the foregoing Reply in Support of Broadcom Corporation's Motion to Dismiss was served by ECF upon all counsel of record for Azure Networks, LLC.

*/s/ Michael E. Jones*
Michael E. Jones
