**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

|  |  |  |
|---|---|---|
| AZURE NETWORKS, LLC | ) | |
| Plaintiff, | ) | |
| v. | ) | **CIVIL ACTION NO. 6:15-CV-33-RWS** |
| BROADCOM CORPORATION, | ) | |
| Defendant. | ) | |

**REPLY IN SUPPORT OF DEFENDANT BROADCOM CORPORATION'S MOTION TO STAY ALL DISCOVERY PENDING A RULING ON ITS MOTION TO DISMISS PLAINTIFF AZURE NETWORKS, LLC'S FIRST AMENDED COMPLAINT**

I.     INTRODUCTION

As Defendant Broadcom Corporation ("Broadcom") explained in its Motion to Stay, Dkt. No. 18, the circumstances of this case warrant a stay of discovery pending a ruling on its Motion to Dismiss Plaintiff Azure Networks, LLC's ("Azure") First Amended Complaint, Dkt. No. 17. Because Broadcom's Motion to Dismiss requires no factual record and is dispositive of the twenty-two pending Azure suits before this Court, a stay may avoid significant unnecessary time and expense for all involved, and would not prejudice Azure. In opposing Broadcom's Motion to Stay, Azure relies on factually and legally flawed arguments, unsupported assertions of alleged prejudice, and inapposite law. Azure's Response to Broadcom's Motion to Stay ("Response"), Dkt. No. 27. None of Azure's arguments overcomes the good cause for granting a stay shown in Broadcom's Motion to Stay and further explained below.

II.    ARGUMENT

   A.    **The Dispositive Nature of Broadcom's Motion to Dismiss Warrants a Stay.**

A stay in this action is warranted because Broadcom's Motion to Dismiss is dispositive of both this action and the other twenty-one Azure actions currently pending before this Court. In arguing otherwise, Azure contends that Broadcom's Motion to Dismiss "only analyzes one claim of one patent-in-suit." Response at 4. Azure is incorrect—Broadcom's Motion to Dismiss addressed each of the exemplary claims Azure asserted in its First Amended Complaint. *See* Broadcom's Motion to Dismiss at 6-13, 18-22. Moreover, it is entirely proper to analyze patent eligibility on the basis of representative claims. *See* Broadcom's Motion to Dismiss Reply at 3 (filed concurrently herewith) (citing *e.g.*, *Bilski v. Kappos*, 561 U.S. 593, 611-612 (2010); *Content Extraction & Transmission LLC v. Wells Fargo Bank, N.A.*, 776 F.3d 1343, 1348 (Fed. Cir. 2014); and *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 711-712 (Fed. Cir. 2014)). Broadcom's Motion to Dismiss is dispositive of this matter, and a stay is appropriate.

The exemplary claims asserted against the defendants in the twenty other January 2015 lawsuits are fully encompassed by Broadcom's Motion to Dismiss. As to seventeen of the lawsuits Azure initiated in January 2015, the First Amended Complaint against Broadcom includes the most extensive list of asserted exemplary claims. *See* Motion to Stay at 4 n.4 (describing Azure cases pending before the Court). As to the remaining three companion cases initiated in January 2015, which now assert claim 1 of U.S. Patent No. 8,732,347 ("the '347 patent"), Broadcom analyzed claim 1 as the representative claim for the '347 patent in its Motion to Dismiss.[1] Broadcom's Motion to Dismiss at 8 & n.6. Further, the twenty-second pending Azure action (initiated in 2011 against Marvell Corporation, Case No. 6:11-cv-139) also involves alleged infringement of a patent that is the subject of Broadcom's Motion to Dismiss. A stay is therefore appropriate because Broadcom's Motion to Dismiss is dispositive of the twenty-two cases pending before this Court.[2] *See DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc.*, ___ F. Supp. 3d ___, No. 2:12-cv-764, 2014 WL 4961992, at *1 (E.D. Tex. Oct. 3, 2014) (applying collateral estoppel in cases where claims of patent at issue were invalidated on § 101

---

[1] Since Broadcom filed its Motion to Stay, Azure has amended its complaints in three of the January 2015 suits to assert claim 1 of the '347 patent rather than non-existent claim 31. *See* Nos. 6:15-cv-27, Dkt. No. 22; 6:15-cv-28, Dkt. No. 18; 6:15-cv-39, Dkt. No. 18.

[2] Azure argues that because none of the other defendants filed a motion to stay, a stay would prevent the companion cases from following "a common and coordinated pre-trial schedule." Response at 5. However, this Court has not coordinated or consolidated the companion cases. Furthermore, this Court has the discretion to stay the companion cases *sua sponte*. *Cf. Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

Moreover, Azure's reliance on the fact that "no other defendant in the twenty-one (21) companion cases filed in this Court has raised a § 101 challenge," Response at 4, ignores (1) that the defendants in ten of the companion cases have not yet filed a responsive pleading; and (2) that Broadcom's Motion to Dismiss is dispositive of all of the companion cases, irrespective of whether the other defendants move on the same basis.

grounds in another action).

    **B.**  **A Stay Is Warranted Because Broadcom's Motion to Dismiss Does Not Require a Factual Record.**

Azure is also wrong that Broadcom's Motion to Dismiss requires a factual record. Response at 5.  As Broadcom has explained in its Motion to Dismiss Reply, Azure has failed to establish why or how any factual record is necessary to determine whether the asserted claims recite unpatentable subject matter under § 101.  Broadcom's Motion to Dismiss Reply at 2-3. Because Broadcom's Motion to Dismiss presents only a question of law that can be decided based solely on the patents themselves, discovery is unnecessary and a stay of discovery pending the outcome of the Motion to Dismiss is appropriate.  *See Clear With Computers, LLC v. Altec Indus., Inc.*, No. 6:14-cv-79, 2015 WL 993392, at *3 (E.D. Tex. Mar. 3, 2015).

    **C.**  **The Fifth Circuit Supports Granting a Stay Where the Motion Eliminates the Need for Discovery.**

Fifth Circuit law is clear that Courts are encouraged to use their discretion to grant stays where, as here, a pending motion is dispositive of the issues in the case, thereby eliminating the need for unnecessary discovery.  *See, e.g.*, *Corwin v. Marney, Orton Invs.*, 843 F.2d 194, 200 (5th Cir. 1988) ("[W]e have held that a trial court may properly exercise its discretion to stay discovery pending a decision on a dispositive motion."); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."); *cf. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007) (noting that the purpose of Rule 12(b)(6) motions is to limit discovery abuse and expense).[3]  Local Rule CV-26(a) ("L.R. CV-26(a)") does not provide

---

[3] Azure is wrong that the substantial similarity of the patents in suit will significantly limit the amount and complexity of discovery in this matter.  *See* Response at 6 & n.2.  Although the exemplary claims of the asserted patents are "substantially similar" (as

otherwise; rather, by its own terms, it rests discretion with the Court to grant a motion to stay discovery.[4] *See* L.R. CV-26(a) ("*Absent court order to the contrary*, a party is not excused from responding to discovery because there are pending motions to dismiss . . . ." (emphasis added)).[5] Indeed, using the discretion expressly recognized in L.R. CV-26(a), courts in this District have imposed stays pending rulings on motions to dismiss, including such motions brought on § 101 grounds. *E.g.*, *Clear With Computers*, 2015 WL 993392, at *1; *Ferko v. Nat'l Ass'n of Stock Car Racing*, No. 4:02-cv-50, 2002 WL 34477591, at *3 (E.D. Tex. Oct. 4, 2002).

### D. A Limited Stay Pending a Ruling on Broadcom's Motion to Dismiss Does Not Prejudice Azure.

Because Azure's interest in timely enforcement of its patent rights will not be prejudiced by the stay Broadcom requests, a stay is appropriate. When determining whether a plaintiff would be prejudiced by a stay, courts consider multiple factors, including whether the case is in

---

Broadcom notes in its Motion to Dismiss), each of the asserted patents has an individual patent file history, and the patents have varying prosecuting attorneys. Additionally, Azure has identified nineteen Broadcom products that purportedly infringe the asserted patents. *See* First Amended Complaint, Dkt. No. 11, at ¶ 20. Discovery regarding eleven patents and nineteen accused products will be complex, burdensome, and expensive. A stay would avoid wasting valuable time and effort in complex discovery in a case involving invalid patents.

[4] Azure acknowledges that "the district court has the inherent power to control its docket, including the power to stay proceedings . . . ." Response at 2-3. Notwithstanding the singular ruling of *GHJ Holdings, Inc. v. Plasticade Products Corp.*, No. 5:10-cv-220, Dkt. No. 29 (E.D. Tex. May 31, 2011), on which Azure relies, L.R. CV-26(a) provides not that a motion to stay pending a motion to dismiss is improper but that parties cannot avoid discovery based solely on the existence of such a motion. Rule CV-26(a) is the reason Broadcom filed its Motion to Stay, not a reason to deny it.

[5] Azure's reliance on *Federal Trade Commission v. Standard Oil Co. of California*, 449 U.S. 232, 243-244 (1980), and *ActiveVideo Networks, Inc. v. Verizon Communications, Inc.*, 694 F.3d 1312, 1337 (Fed. Cir. 2012), is likewise misplaced. In *Federal Trade Commission*, the Supreme Court addressed whether Standard Oil could seek immediate judicial review of the complaint issued against it by the Federal Trade Commission. 449 U.S. at 238-239, 243-244. Similarly, in *ActiveVideo Networks*, the Federal Circuit addressed whether the district court erred in concluding that the irreparable harm factor for granting an injunction was met. 694 F.3d at 1337. The analysis in those cases is simply inapposite to the issue at hand here.

its infancy and whether a plaintiff has sought permanent injunctive relief—factors Azure entirely ignores in its Response. *See* Motion to Stay at 6; Response at 7.

Furthermore, the cases that Azure cites to support its prejudice argument were concerned about the extent of the delay. First, *Network-1 Security Solutions, Inc. v. Alcatel-Lucent USA Inc.*, No. 6:11-cv-492, Dkt. No. 429, at 2-3 (E.D. Tex. Jan. 5, 2015), addressed whether the stay pending reexamination should be lifted before the Federal Circuit addressed the merits of the appeal. In determining whether a continued stay would prejudice the plaintiff, the court noted that the case had already been stayed for twenty-one months, and a stay pending the Federal Circuit's decision would cause another considerable delay. *Id.* at 9-10. In *Lennon Technologies, LLC v. Macy's Retail Holdings, Inc.*, No. 2:13-cv-235, 2014 WL 4652117, at *2 (E.D. Tex. Sept. 18, 2014), the court was concerned about the timeframe in which the reexamination proceedings would reach a resolution, noting that the proceedings could "hold the Court in limbo awaiting determinations that could take years." There is no reason to believe—and Azure does not argue—that any delay associated with a stay pending a ruling on Broadcom's Motion to Dismiss would be comparable to the delays anticipated in those cases.[6]

## III. CONCLUSION

For the foregoing reasons and those stated in Broadcom's Motion to Stay, Broadcom respectfully requests that this Court enter an order staying all discovery until this Court issues a ruling on Broadcom's Motion to Dismiss.

---

[6] The procedural posture here is not comparable to that of *Innovative Automation LLC v. Follet Higher Education Group, Inc.*, No. 2:14-cv-773, Dkt. No. 29 (E.D. Tex. Oct. 31, 2014), on which Azure relies. Response at 3. In *Innovative Automation,* the defendants filed an emergency motion to stay seven days before the scheduling conference (and twelve days after the court ordered the scheduling conference). *See* No. 2:14-cv-773, Dkt. Nos. 22, 28. By contrast, Broadcom filed its Motion to Stay concurrently with its Motion to Dismiss, *see* No. 6:15-cv-33, Dkt. Nos. 17-18 (both dated March 16, 2015), and the court has yet to order a scheduling conference.

Dated:  April 13, 2015

Respectfully submitted,

*/s/ Michael E. Jones*
Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Potter Minton, P.C.
110 N. College, Suite 500
Tyler, Texas 75702
Tel.:  (903) 597-8311
Fax:  (903) 593-0846

Dominic E. Massa (*pro hac vice*)
Monica Grewal (*pro hac vice*)
Louis W. Tompros (*pro hac vice*)
Jason H. Liss (*pro hac vice*)
Dana O. Burwell (*pro hac vice*)
Jennifer Brown (*pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
Tel.:  (617) 526-6000
Fax.:  (617) 526-5000

**ATTORNEYS FOR DEFENDANT
BROADCOM CORPORATION**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 13, 2015.

*/s/ Michael E. Jones*