**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **Azure Networks, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 6:15-cv-33-RWS** |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **Broadcom Corporation,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |

---

**AZURE NETWORKS, LLC'S SUR-REPLY TO DEFENDANT BROADCOM
CORPORATION'S MOTION TO DISMISS PLAINTIFF AZURE NETWORKS,
LLC'S FIRST AMENDED COMPLAINT**

---

The Patents-in-suit are directed to eligible subject matter and Azure has sufficiently plead inducement and willful infringement.  Defendant's Motion to Dismiss Plaintiff Azure Networks LLC's First Amended Complaint ("Motion") should be denied.

**I.      Patent Eligibility**

Defendant's Motion still fails procedurally and substantively with regard to its § 101 argument.  *This Court* has expressly spoken to the propriety of deciding 101 motions at this stage of the case, and Defendant's Motion is not properly decided on the pleadings.  *My Health, Inc. v. Lifescan, Inc.*, No. 2:14-cv-683-RWS-RSP, Dkt. No. 34 at 2 (E.D. Tex. March 19, 2015) ("[A] definitive ruling on eligibility before claim construction is only warranted in narrow circumstances, making such a ruling the exception rather than the rule.").  Nor is Defendant's Motion properly decided on

representative claims.  Defendant does not limit its motion to the currently asserted claims, or the claim it has cherry-picked as an allegedly exemplary claim.  Defendant seeks to invalidate every claim of every Patent-in-suit based on a limited analysis of one claim.[1]  Defendant's high burden—which it entirely ignores again in its Reply—is to prove by clear and convincing evidence, accepting as true the facts plead in Azure's Complaint, that it is not plausible that the validity of any of the claims will be upheld.  Defendant fails to carry its burden even on the claim it does address, and does not get out of the starting gate on the claims it does not address.

### A.  Defendant's Motion Fails Procedurally

In this instance it is not proper to decide patent ineligibility on Defendant's motion to dismiss.  Resolving a § 101 challenge before claim construction, much less the pleadings, is generally unwarranted.  *My Health*, Dkt. No. 34 at 2.  Since the filing of Defendant's Motion to Dismiss, this District has decided four motions to dismiss for unpatentable subject matter on the pleadings, and all have been denied.  *See Certified Measurement, LLC v. CenterPoint Energy Houston Electric LLC*, No. 2:14-cv-627, Dkt. No. 59 at 4 (E.D. Tex. Mar. 30, 2015) ("The difficulty of making a substantive ruling on the validity of an issued patent in what is—in essence—a complete vacuum cannot be understated."); *My Health*, Dkt. No. 34; *Presqriber, LLC v. AO Capital Partners LLC*, No. 6:14-cv-440, Dkt. No. 125 (E.D. Tex. Mar. 31, 2015); *Content Guard Holdings, Inc. v. Amazon.com, Inc.*, 2:13-cv-1112, Dkt. No. 482 (E.D. Tex. Apr. 9, 2015).

---

[1] Defendant suggests in its replies in support of both its motion to dismiss and motion to stay that it has analyzed all claims currently asserted by Azure.  It has not.  Copying and pasting the claim language is not analysis.  *See* Def.'s Motion, Dkt. No. 17 at 7–13.

Defendant only cites one instance in which this District has granted a 101 motion on the pleadings.  Def.'s Reply, Dkt. No. 29 at 1 (citing *Clear with Computers v. Altec Indus., Inc.*, No. 6:14-cv-79, Dkt. No. 59 (E.D. Tex. March 3, 2015)).  If anything, the procedural aspects of *Clear With Computers* emphasize why Defendant's Motion is improper.[2]  In *Clear with Computers*, plaintiff had served its infringement contentions.  Dkt. No. 59 at 2.  Here, Azure has not yet served its infringement contentions.  In *Clear with Computers*, all other consolidated defendants joined in the motion to dismiss.  *Id.*  Here, not a single defendant in the companion cases has filed a motion to dismiss on 101 grounds.  Finally in *Clear with Computers*, all parties *stipulated* that all claims (totaling only 11 claims from two patents, as opposed to the 673 claims across 11 patents here) would be dismissed if the Court granted plaintiff's motion on two challenged claims.  *Id.* at 2, 4.  The parties in this case have no such agreement on representative claims.  *Clear with Computers* is clearly distinguishable from this matter, and Defendant's Motion should be denied.

Next, Defendant asserts that Azure fails to identify any factual issues or claim construction disputes.[3]  Def.'s Reply, Dkt. No. 30 at 2–3.  Azure identifies factual issues in its Response at pages 8–9.  Likewise, Azure identifies seven terms, by way of example,

---

[2] Azure has previously addressed the differences in the technology at issue in *Clear with Computers* and that at issue in this case.  Pl.'s Resp., Dkt. No. 28 at 13.

[3] Defendant states that *Ultramercial I*, which provides that whether claims cover conventional activity is a factual determination, no longer has precedential effect.  Def.'s Reply, Dkt. No. 30 at 2 n.4.  However, while *Ultramercial I* was vacated, the procedural framework set out therein was not overruled, and thus remains instructive and relevant.  *See, e.g., Tuxis Techs., LLC v. Amazon.com, Inc.*, No. 13-1771-RGA, 2014 U.S. Dist. LEXIS 122457, at *5 n.3 (D. Del. Sept. 3, 2014); *Fairfield Indus. v. Wireless Seismic, Inc.*, No. 4:14-cv-2972, 2014 U.S. Dist. LEXIS 176599, at *9 (S.D. Tex. Dec. 23, 2014).  Regardless, the Federal Circuit has made clear elsewhere that whether claims cover conventional activity is a factual inquiry—such as in *Cephalon, Inc. v. Watson Pharms., Inc.*, 707 F.3d 1330, 1336 (Fed. Cir. 2013), which Azure also cited in its Response.

that will likely need construction at page 9 of its Response.  While Defendant states that

Azure has not identified any claim construction disputes (apparently because two of the

seven example terms were construed in a different case[4]), what Defendant does *not* say is

more important.   Defendant avoids discussing five of the seven terms that Azure

identified, does not agree to stipulate to Plaintiff's constructions, and, most importantly,

does not state that no terms require construction.   Even if the two terms addressed by

Defendant are construed in the same way as they were in a previous case, Defendant's

attempt to downplay the necessity of claim construction in this case is unavailing.  *See*

*Presqriber*, Dkt. No. 125 at 11 ("Determining with any certainty what claims

encompass—i.e., their scope—often requires construing the claims.").

Lastly, Defendant re-urges its argument that 673 claims and 11 patents are

properly invalidated based on analysis of the one claim from one patent that it has

unilaterally identified as representative of all others.   "Under the patent statute, the

validity of each claim must be considered separately," *800 Adept, Inc. v. Murex Sec., Ltd.*,

539 F.3d 1354, 1368 (Fed. Cir. 2008) (citing 35 U.S.C. § 282).

Defendant complains that it is unfair to require it to address claims that were not

individually identified in Plaintiff's Complaint.   Def.'s Reply, Dkt. No. 29 at 3.   Yet,

Defendant believes it would be fair to take away Plaintiff's property rights as to every

claim in 11 patents based on its superficial analysis of 1 claim from 1 patent. The Local

Rules of this district provide that Plaintiff may properly assert claims after the filing of

the complaint.  P.R. 3-1(a).  And the patent statutes expressly and unambiguously provide

that each claim is *independently* presumed valid (regardless of its character) and that the

---

[4] *Azure Networks, LLC v. CSR PLC*, No. 6:11-cv-00139 (E.D. Tex.).

burden of establishing invalidity rests on the party asserting the defense.   35 U.S.C. §
282(a).   No doubt aware of both of these facts, Defendant chose to attack every claim of
every Patent-in-suit under a pleading standard.   Accordingly, Defendant has intentionally
assumed a burden of proving, by clear and convincing evidence, that every claim is not
plausibly valid.   Defendant cannot now complain about its voluntarily assumed and
statutorily mandated burden.

### B.  Defendant's Motion Fails on the Merits

In arguing that the representative claim is directed to an abstract idea and does not
supply an inventive concept, Defendant recycles many of the arguments in its Motion.
They are equally unavailing this go-around.   Defendant urges the Court to ignore claim
limitations, but instead look at the "general idea"— which is purely a product of
Defendant's oversimplified, inaccurate, litigation-driven, and unilateral opinion about
what the patent is about.   Def.'s Reply, Dkt. No. 29 at 4.   As *Alice* itself warns, every
invention is an abstract idea if dumbed down enough.   *Alice Corp. Pty. Ltd. v. CLS Bank
Int'l*, 134 S. Ct. 2347, 2354 (U.S. 2014) ("[W]e tread carefully in construing this
exclusionary principle lest it swallow all of patent law.   At some level, 'all inventions . . .
embody, use, reflect, rest upon, or apply laws of nature, natural phenomena, or abstract
ideas.'" (internal citations omitted)).   Defendant invites the Court to fall prey to this trap.

As explained in Azure's Response, even the representative claim chosen by
Defendant is more than, and distinct from, the idea offered by Defendant.   Pl.'s Resp.,
Dkt. No. 28 at 11–12.   And even if the technology were to be reduced to a general
concept, the idea falls in the field of computer networking.   *See id.*   Defendant appears to

agree that a patent covering such a concept is not an abstract idea. Def.'s Reply, Dkt. No. 29 at 4 n.7.

Defendant's inventive concept analysis is likewise deficient.  Defendant first asserts, without addressing any claim language, that "numerous courts have invalidated patents that—like the ones asserted here—use generic technology to implement an abstract idea." *Id.* at 5.  Defendant cites *Ultramercial*, *Clear with Computers*, *Morsa*, and *Eclipse* for this proposition.  Azure has already addressed why the patents in *Clear with Computers* are not "like the ones asserted here."  Pl.'s Resp., Dkt. No. 28 at 13.  Patents in the other three cases are likewise different, addressing, respectively: (1) showing an advertisement before delivering free content, (2) targeting advertisements to certain consumers and using a bidding system to determine when and how advertisements will be displayed, and (3) asking someone whether they want to perform a task, and if they do, waiting for them to complete it, and if they do not, asking someone else. *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 715 (Fed. Cir. 2014); *Morsa v. Facebook, Inc.*, 2014 U.S. Dist. LEXIS 180968, at *16 (C.D. Cal. Dec. 23, 2014); *Eclipse IP LLC v. McKinley Equip. Corp.*, 2014 U.S. Dist. LEXIS 125529, at *20 (C.D. Cal. Sept. 4, 2014). The patents-at-issue in the aforementioned cases, as with the patents-at-issue in the cases Defendant cited in its original Motion, are not analogous to the Patents-in-suit. *See* Pl.'s Resp., Dkt. No. 28 at 11–13.  The Patents-in-suit are directed to specific computer technology.  *Id.*

Next, Defendant maintains that the terms Azure relies on to supply inventive concepts are simply implementations of an abstract idea using generic technology.  Def.'s Reply, Dkt. No. 29 at 5.  To make its case, Defendant alleges that Azure has pointed to

terms such as "circuitry" and "transceiver" to argue that an inventive concept exists. *Id.* But the words circuitry and transceiver are pulled from an entirely different section of Azure's brief. And while Defendant represents that Azure has "point[ed] out" these terms, the emphasis is entirely Defendant's own. Azure does call a number of words and phrases to the Court's attention in that section of its brief as well as in the inventive concept section, but "circuitry" and "transceiver" are not among them. *See* Pl.'s Resp., Dkt. No. 28 at 11–12, 15–16. Defendant does not address any of the terms that Azure has actually identified as indicating an inventive concept.[5]

Finally, Defendant states that the terms Azure identifies as having specific meaning in the computer arts do not add significance to the underlying abstract idea, and that the Patents-in-suit fail the machine-or-transformation[6] test. Def.'s Reply, Dkt. No. 29 at 6–7. Defendant makes these conclusory statements without analysis. *See id.* This approach is not sufficient to satisfy the high burden Defendant must carry to invalidate the Patents-in-suit.

## II.   Pleading of Inducement and Willful Infringement

Defendant continues to demand that Azure allege facts in its First Amended Complaint for Patent Infringement to establish probable claims, as opposed to the required standard of plausible claims. "To survive a motion to dismiss for failure to state

---

[5] Instead, Defendant alleges that Azure mischaracterized the file history of the patent. Def.'s Reply, Dkt. No. 29 at 6. The file history speaks for itself. The limitation "a first virtual device and second virtual device . . . " is not contained in claim 27 of the '129 Patent. And the Feb. 28, 2014 Notice of Allowance for the '361 Patent expressly states that that limitation, among other limitations, was the "primary reason for allowance of the claims." Dkt. No. 28-1 at 6.

[6] Defendant argues that the machine-or-transformation test does not relate to devices. Def.'s Reply, Dkt. No. 29 at 7. But Defendant's entire argument is that the Patents-in-suit are not really a device. Accordingly, the test is instructive.

a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In its First Amended Complaint for Patent Infringement, Azure has met the required standard and alleged non-conclusory facts supporting plausible claims for inducement of infringement and willful infringement.

Azure has set forth the standards established in this District and compared its First Amended Complaint with those standards.[7] *ZiiLabs Inc., Ltd., v. Samsung Elec. Co. Ltd.*, No. 2:14-cv-203-JRG-RSP, Dkt. No. 147 (E.D. Tex. Feb. 26, 2015) recently considered the issue of inducement of infringement allegations. Azure has demonstrated how its claims comply with its pleading standards in light of the analysis of *ZiiLabs* and other cases cited by this Court. Defendant, interestingly, suggests that this Court should ignore prior cases from this District. Azure's allegations are not conclusory, are not bare assertions, and do more than suggest that Defendant simply engaged in its regular business activity. Azure's claims are sufficient, comport with the precedent established in this District, and set forth a plausible claim for relief.

With regard to knowledge of the '129 Patent and the other asserted patents,[8] it is undisputed that this District recognizes that pleading post-suit knowledge is sufficient to support claims for both inducement of infringement and willful infringement. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1345-46 (Fed.

---

[7] Defendant is incorrect in suggesting that Azure has applied to wrong standard in its Response. As set forth herein and in its Response, Azure has considered and applied the relevant standards applied by this Court in determining motions to dismiss.

[8] Azure does not concede that Defendant had no knowledge of any patent other than the '129 Patent prior to the filing of this lawsuit. Plaintiff has set forth its arguments regarding pre-suit notice in its Response and does not repeat those here.

Cir. 2012) (finding complaints that alleged knowledge "at the latest . . . when [defendant] was served with the complaint" were sufficient when plead in conjunction with facts plausibly showing intent to induce); *InMotion Imagery Tech. v. Brain Damage Films*, Civ. No. 2:11-CV-414-JRG, 2012 U.S. Dist. LEXIS 112630, at *8 (E.D. Tex. Aug. 10, 2012) (stating, "Failing to allege pre-suit knowledge of the patent 'is not a basis to dismiss [Plaintiff's] indirect infringement claims; as it cannot be disputed that [Plaintiff] does sufficiently plead that the Moving Defendants had knowledge of the asserted patent for at least some time during the infringing period.'"); *Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, 6:11-CV-229, 2012 U.S. Dist. LEXIS 114199, at *16, 2012 WL 9864381 (E.D. Tex. July 27, 2012) (recognizing the complaint as an element of post-filing knowledge since the complaint itself clearly alleges that the "Defendants have actual notice of the [plaintiff's] patent at least as early as the filing of this Original Complaint"); *Lochner Techs., LLC v. AT Labs Inc.*, 2012 U.S. Dist. LEXIS 92924, at *9-10 (E.D. Tex. July 3, 2012) ("Defendants concede that Lochner's Amended Complaint alleges knowledge of the '598 patent at the time of the filing of the Complaint….However, this is not a basis to dismiss Lochner's indirect infringement claims; as it cannot be disputed that Lochner does sufficiently plead that the Moving Defendants had knowledge of the asserted patent for at least some time during the infringing period").

Defendant also persists in contending that in prior litigation asserted by Azure against Defendant, Azure only accused Wi-Fi Direct technology in combination with Bluetooth as infringing the '129 Patent.  Defendant does not deny its knowledge of Azure's action in related litigation at the time of its prior lawsuit against Defendant to

seek leave to amend its infringement contentions relating to the '129 Patent to identify infringement theories relying on Wi-Fi technologies standing alone, and not in combination with Bluetooth technology.  Defendant's suggestion that Azure's claims in the prior case filed against Defendant in 2012 preclude any inference that Defendant's products infringed the Patents-in-suit rings hollow. Defendant should not be permitted to stand behind its willful blindness.

Azure has set forth herein its arguments supporting the plausibility of its inducement of infringement and willful infringement claims. At this early stage of the litigation, there is no need to provide a limitation on whether Azure may proceed only on post-filing claims or pre-filing claims. The proper time to consider a limitation on Azure's inducement of infringement and willful infringement claims or the damages attributable thereto will come at trial, after the parties have had time to conduct sufficient discovery.  Azure respectfully requests that this Court deny Defendant's Motion.  If the Court is inclined to dismiss any aspect of Azure's inducement of infringement or willful infringement claims, then any such dismissal should be without prejudice and should accord Azure the opportunity to amend its Complaint.  Azure contends that it has satisfied its burden to plead sufficient factual bases for all of its claims in the Complaint. As such, Defendant's Motion should be denied.

## III.   Conclusion

For the foregoing reasons, Azure respectfully requests that the Court deny Defendant's Motion to Dismiss in its entirety.


Dated: April 23, 2015

Respectfully submitted,

**Derek Gilliland**
Texas State Bar No. 24007239
**Nix Patterson & Roach, L.L.P.**
205 Linda Drive
Daingerfield, Texas 75638
903.645.7333 (telephone)
903.645.5389 (facsimile)
dgilliland@nixlawfirm.com
Attorney in Charge

**Ben King**
Texas State Bar No.  24048592
**Nix Patterson & Roach L.L.P.**
2900  St. Michael Drive, Suite 500
Texarkana, Texas  75503
903.223.3999 (telephone)
903.223.8750 (facsimile)
benking@nixlawfirm.com

**Edward Chin**
Texas State Bar No. 50511688
**Andrew J. Wright**
Texas State Bar No. 24063927
**Kirk Voss**
Texas State Bar No. 24075229
**Nix Patterson & Roach, L.L.P.**
5215 N. O'Connor Blvd., Suite 1900
Irving, Texas 75039
972.831.1188 (telephone)
972.444.0716 (facsimile)
edchin@me.com
andrewjwright@me.com
kirkvoss@me.com

**ATTORNEYS FOR PLAINTIFF
AZURE NETWORKS, L.L.C.**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via the Court's electronic filing system on all counsel who have consented to electronic service on this 23rd day of April, 2015.

Derek T. Gilliland