IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **Azure Networks, LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 6:15-cv-33-RWS |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| **Broadcom Corporation,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

**AZURE NETWORKS, LLC'S SUR-REPLY TO DEFENDANT BROADCOM CORPORATION'S MOTION TO STAY ALL DISCOVERY PENDING A RULING ON ITS MOTION TO DISMISS PLAINTIFF AZURE NETWORKS, LLC'S FIRST AMENDED COMPLAINT**

Defendant's arguments, old and new, fail to compel a stay in contradiction with the standard practice of this District. For reasons already briefed at length, Defendant's Motion to Dismiss is non-dispositive and requires development of a factual record. Further, the Local Rules and decisions of this District are clear that staying discovery pending a motion to dismiss is contrary to the standard practice of the Court. These same Rules and decisions support the notion that Azure has an interest in timely enforcing its patents, that will be prejudiced if discovery is stayed. Accordingly, Defendant's Motion to Stay should be denied.

Defendant repeats the arguments from its Motion to Stay and Motion to Dismiss briefing that its Motion to Dismiss is dispositive and does not require a factual record.

For the reasons put forth in Azure's Response to Defendant's Motion to Stay (Dkt. No. 27) and Response (Dkt. No. 28) and Sur-Reply (Dkt. No. 31) to Defendant's Motion to Dismiss, the Motion to Dismiss is neither case dispositive nor a purely legal issue. In the interest of avoiding further unnecessary repetition, Azure does not retread those arguments here.

Defendant also argues that the Local Rules provide "not that a motion to stay pending a motion to dismiss is improper but that parties cannot avoid discovery based solely on the existence of such a motion." Def.'s Reply, Dkt. No. 30 at 4 n.4. Yet, avoiding discovery based solely on the existence of a pending motion to stay all discovery, which no other defendant in the numerous companion cases has filed, is exactly what Defendant is attempting to do. Local Rule 26(a), entitled "No Excuses", is clear: "[A] party is not excused from responding to discovery because there are pending motions to dismiss . . . ." Defendant maintains that Fifth Circuit law "encourages" courts to grant stays in situations such as this one. Def.'s Reply, Dkt. No. 30 at 3. But Defendant confuses encouragement to grant a stay with acknowledgment of discretion to grant a stay—discretion that counsels against granting a stay in this District. *See GHJ Holdings, Inc. v. Plasticade Products Corp.*, No. 5:10-cv-220, Dkt. No. 29 at 2 (E.D. Tex. May 31, 2011) (Motions to dismiss are specifically identified as not warranting a stay of discovery, regardless of the ground asserted therein.); *Novelpoint Security LLC v. Kingston Technology Co., Inc.*, No. 2:13-cv-84, Dkt. No. 23 at 1 (E.D. Tex. July 2, 2013) (The Court's practice is to deny stays early in the case pending motions to dismiss.). This District's adoption of Local Rule 26(a) demonstrates that this District, undoubtedly familiar with the Fifth Circuit case law on this issue, has chosen to exercise its broad

discretion by enacting a rule making clear to all parties that they are not excused from responding to discovery merely because there are pending motions to dismiss.

None of the Defendant's arguments or cases that it cited to is sufficient to compel this Court to make an exception to Local Rule 26(a). Defendant cites *Clear With Computers* and *Ferko* as examples of cases imposing stays pending rulings on motions to dismiss on § 101 grounds. As noted in Azure's Sur-Reply to Broadcom's Motion to Dismiss, all defendants in *Clear with Computers* joined in the § 101 challenge, and the parties stipulated to representative claims. No. 6:14-cv-79, Dkt. No. 59 at 2, 4 (E.D. Tex. March 3, 2015). For its part, *Ferko* did not even involve any patent issues or claims, much less a § 101 challenge. *See* No. 4:02-cv-50, Dkt. No. 1 (E.D. Tex. Feb. 13. 2002). Both cases are distinguishable from this case.

Finally, Defendant maintains that Azure's interest in timely enforcement of its patent rights will not be prejudiced because the delays plaintiffs faced in *Network-1* and *Lennon Technologies* were likely longer than the delay Azure will face here. Def.'s Reply, Dkt. No. 30 at 5. Neither *Network-1* nor *Lennon Technologies* suggests that a delay must drag on for years to prejudice a patent holder's interest in the timely enforcement of his patent rights. Indeed, the Local Rules and decisions of this Court discussed above, which view with disfavor attempts to stall discovery at the early stages of a case, suggest otherwise.

For the foregoing reasons, and in accordance with the rules and practices of this Court, Defendant's Motion to Stay should be denied.

Dated: April 23, 2015

                                          Respectfully submitted,

*/s/ Derek Gilliland*
**Derek Gilliland**
Texas State Bar No. 24007239
**Nix Patterson & Roach, L.L.P.**
205 Linda Drive
Daingerfield, Texas 75638
903.645.7333 (telephone)
903.645.5389 (facsimile)
dgilliland@nixlawfirm.com
Attorney in Charge

**Ben King**
Texas State Bar No. 24048592
**Nix Patterson & Roach L.L.P.**
2900 St. Michael Drive, Suite 500
Texarkana, Texas 75503
903.223.3999 (telephone)
903.223.8750 (facsimile)
benking@nixlawfirm.com

**Edward Chin**
Texas State Bar No. 50511688
**Andrew J. Wright**
Texas State Bar No. 24063927
**Kirk Voss**
Texas State Bar No. 24075229
**Nix Patterson & Roach, L.L.P.**
5215 N. O'Connor Blvd., Suite 1900
Irving, Texas 75039
972.831.1188 (telephone)
972.444.0716 (facsimile)
edchin@me.com
andrewjwright@me.com
kirkvoss@me.com

**ATTORNEYS FOR PLAINTIFF**
**AZURE NETWORKS, L.L.C.**

---

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via the Court's electronic filing system on all counsel who have consented to electronic service on this 23rd day of April, 2015.

Derek T. Gilliland